**IT IS ORDERED as set forth below:**



**Date: November 3, 2021**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| IN RE: <br><br> CHARLES PAUL WALKER, <br><br> Debtor. | CASE NO. 10-43491-BEM <br><br> CHAPTER 7 |
| IN RE: <br><br> PAUL BRYAN WALKER and ROBIN ROUILLIER WALKER' <br><br> Debtors. | CASE NO. 10-43492-BEM <br><br> CHAPTER 7 |

**O R D E R**

This matter involves a dispute between Debtor Charles Paul Walker ("Paul" or "Paul Walker") and Debtor Paul Bryan Walker ("Bryan" or "Bryan Walker" and with Paul, the "Walkers")[1] on one side and Shelby and Bryan Peeples[2] (the "Peeples") on the other side. Both

---

[1] Paul Walker's bankruptcy case, No. 10-43491, shall be referred to as "PW Case," and Bryan Walker's bankruptcy case, No. 10-43492, shall be referred to as "BW Case."

[2] The Peeples have filed a *Suggestion of Death* for Shelby Peeples and a *Motion to Substitute Co-Executors of Estate of Shelby Peeples, Jr., for Decedent Shelby Peeples, Jr.*, which is currently pending. [PW Case Docs. 120, 125; BW Case Docs. 105, 109].

the Walkers and the Peeples have filed motions that raise the issue of whether a Whitfield County Superior Court judgment was entered in violation of the automatic stay: (1) the Peeples' *Motion to Determine Judgment Not in Violation of Stay as to Non-Estate Property and Non-Debtor Parties or, Alternatively, to Annul the Stay* (the "Relief Motion") [PW Case Doc. 107; BW Case Doc. 93] and (2) the Walkers' *Motion to Recover Damages From Shelby Peeples and Bryan Peeples for Their Willful Violation of the Automatic Stay* (the "Sanctions Motion") [PW Case Doc. 117; BW Case Doc. 102]. After a status conference held on May 4, 2021, the Court directed the parties to submit briefs on this Court's subject matter jurisdiction over the issue and in particular whether the *Rooker-Feldman* doctrine applies.

## I. Background

The following facts come from a stipulation filed by the parties in relation to the Peeples' Relief Motion (the "Stipulation" or "Stip.") [PW Case Doc. 116 Ex. A; BW Case Doc. 87 Ex. A] and from the records in the Walkers' bankruptcy cases.

Paul Walker, Bryan Walker, and the Peeples entered into a Process and Product Development Agreement ("PPDA") dated May 7, 2003 related to the development of polyurethane processes in the application of backing in the manufacture of carpet (the "Technology"). [Stip. ¶ 1 & PW Case Doc. 66 Ex. 1]. The PPDA [Doc. 66 at 28] provided that (1) the Walkers would issue 50% of the ownership interest in Simplicity Coating, LLC ("Simplicity") to Bryan Peeples; (2) the Walkers would issue 20% of the ownership interest in New Spirit Backings, LLC ("New Spirit") to the Peeples; (3) the Walkers would convey all interest in the Technology to Simplicity; (4) the Walkers would cause Simplicity to grant New Spirit an exclusive license in the Technology; (5) the Walkers would cause New Spirit to grant the Peeples an exclusive perpetual sublicense to use

2

the Technology on a commission basis in the industry and a nonexclusive perpetual sublicense to use the Technology in the Peeples own manufacturing processes. [PPDA ¶ 4.4, 4.5].

On September 15, 2003, the Peeples filed a complaint against the Walkers in the Superior Court of Whitfield County, Georgia, asserting claims for injunction, declaratory judgment, and specific performance (the "2003 Action"). [Stip. ¶ 2]. The Walkers were the only defendants named in the 2003 Action and the only defendants served in the 2003 Action. [Stip. ¶ 13, 14]. On October 22, 2009, the Peeples filed an amended complaint in the 2003 Action that asserted claims directly and derivatively on behalf of Simplicity and New Spirit for breach of fiduciary duty, gross negligence, misappropriation of corporate opportunities, conversion, and accounting. [Stip. ¶ 5 & PW Case Doc. 107 Ex. A]. The Walkers filed a motion to dismiss the amended complaint, arguing among other things that the Peeples could not bring derivative claims. [PW Case Doc. 107 Ex. B]. The Superior Court denied the motion to dismiss, finding among other things that the Peeples had standing to bring the derivative claims. [PW Case Doc. 107 Ex. E].

On August 26, 2010, a jury verdict was filed in the 2003 Action in favor of the Peeples and against the Walkers (the "Verdict"). [Stip. ¶ 10]. In the Verdict, the jury answered "yes" to the question of whether the PPDA was breached. [PW Case Doc. 66 Ex. 2]. The jury indicated that the breach was by Paul and/or Bryan Walker and awarded the Peeples damages of $248,384.87 from Paul Walker and $5,000 from Bryan Walker. [Id.]. The jury indicated that the Peeples were not entitled to punitive damages but were entitled to attorney fees and costs against Paul Walker. [Id.]. The jury indicated that neither Simplicity nor New Spirit were entitled to damages. [Id.]. Finally, the jury indicated the Peeples were entitled to 50% of Simplicity; 20% of New Spirit; a paid-up, exclusive perpetual license to use the polyurethane process on a commercial

3

basis; and a paid-up, non-exclusive perpetual license to use the polyurethane processes, products, and technology for its own manufacturing. [Id.].

Paul and Bryan Walker filed separate Chapter 7 cases on September 3, 2010[3] (the "Petition Date"). [Stip. ¶ 15, 17]. On the Petition Date, a Plea of Pending Bankruptcy was filed in the in the 2003 Action. [Stip. ¶ 20]. On September 14, 2010, the Superior Court entered a judgment in the 2003 Action based on the Verdict but stayed any consideration of attorney fees due to the bankruptcy filings (the "Judgment"). [Stip. ¶ 23 & PW Case Doc. 66 Ex. 4]. On October 4, 2010, the Peeples filed a *Motion for Relief From the Automatic Stay and Brief in Support* in Paul Walker's bankruptcy case for purposes of resolving the attorney fee issue in the 2003 Action. [Stip. ¶ 26 & PW Case Doc. 13]. The motion was granted on October 29, 2010. [Stip. ¶ 14].

On January 14, 2011, the Bankruptcy Court entered a discharge order in Bryan Walker's bankruptcy case. [Stip. ¶ 15].

On February 1, 2011, the Peeples filed an adversary proceeding in Paul Walker's bankruptcy case to object to discharge and determine the dischargeability of a debt. [Stip. ¶ 16 & AP 11-4005 Doc. 1]. After cross motions for summary judgment were denied, the adversary proceeding was dismissed with prejudice by stipulation of dismissal filed on May 18, 2012. [Stip. ¶ 29, 31].

On July 12, 2012, the Bankruptcy Court entered a discharge order in Paul Walker's bankruptcy case. [Stip. ¶ 34].

On August 24, 2018, the Peeples filed a complaint in the Superior Court of Whitfield County against the Walkers, Simplicity, New Spirit, and Empire Coating, LLC seeking to enforce their rights under the Judgment (the "2018 Action"). [Stip. ¶ 38 & PW Case Doc. 66

---

[3] Bryan Walker's bankruptcy case was filed jointly with his wife.

4

Ex. 6]. The Walkers filed an answer in the 2018 Action that asserted the Judgment had been entered in violation of the automatic stay among other defenses. [PW Case Doc. 66 Ex. 7]. The defendants in the 2018 Action also filed a motion to dismiss or alternatively a motion for judgment on the pleadings based on the argument that the Judgment was void and, therefore, claims to enforce the Judgment must fail. [PW Case Doc. 66 Ex. 8]. On March 21, 2019, the Superior Court entered an order deferring ruling on the motion to dismiss to allow the parties to return to the Bankruptcy Court "to seek clarification of the issue of the annulment's applicability to the [Judgment] or in the alternative give [the Peeples] the opportunity to petition the Bankruptcy Court … for an annulment[] of the stay." [PW Case Doc. 66 Ex. 11 at 2].

The Peeples filed the Relief Motion on June 18, 2020, and the Walkers filed the Sanctions Motion on March 31, 2021. In the Relief Motion, the Walkers argue, among other things, that the Judgment is not void to the extent it only affects non-debtors and non-estate property— meaning Simplicity and New Spirit and their assets. In response to the Relief Motion, the Walkers argue that New Spirit and Simplicity were not parties to the 2003 Action and were not ordered to do anything by the Judgment and that the 2003 Action solely raised in personam claims against the Walkers. [Doc. 114 at 10-11]. In reply, the Peeples argue that the *Rooker-Feldman* doctrine precludes this Court from determining that New Spirit and Simplicity were not parties to the 2003 Action. [Doc. 115 at 3-6]. The Court requested additional briefing on the *Rooker-Feldman* issue and now concludes that the *Rooker-Feldman* doctrine does not apply in this matter.

**II. Analysis**

    **A. Jurisdiction, Generally**

Bankruptcy Courts have jurisdiction over "civil proceedings arising under title 11[.]" 28 U.S.C. § 1334(b). A proceeding arises under title 11 if it "invoke[es] a substantive right

5

created by the Bankruptcy Code. *Continental Nat. Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir. 1999). The automatic stay, requests to annul the stay, and requests for damages for willful violation of the stay are all rights created by the Bankruptcy Code. 11 U.S.C. § 362(a), (d), (k). Accordingly, the Court has subject-matter jurisdiction over the Relief Motion and the Sanctions Motion.

### B. The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine provides that, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463, 126 S. Ct. 1198, 1201 (2006). The Supreme Court's decision in *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280, 125 S. Ct. 1517 (2005), clarified the scope of *Rooker-Feldman* as limited to only those "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284, 125 S. Ct. at 1521-22.

The Eleventh Circuit has recently emphasized the narrow application of the doctrine, explaining that prior to *Exxon Mobil*, courts engaged in "a needlessly complicated, multi-step analysis, instead of what should have been a simple inquiry—whether the plaintiff's claim directly challenged a state court loss." *Behr v. Campbell*, 8 F.4th 1206, 1211 (11th Cir. 2021). Under *Rooker-Feldman* "federal district courts cannot review or reject state court judgments rendered before the district court litigation began. *Id.* at 1212. But, *Rooker-Feldman* does not bar "claims that 'require some reconsideration of a decision of a state court' if the plaintiff presents 'some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party.'" *Id.* (quoting *Target Media Partners v. Specialty Marketing Corp.*,

6

881 F.,3d 1279, 1288 (11th Cir. 2018)). Additionally, even if *Rooker-Feldman* is not applicable, other doctrines such as preclusion and abstention may apply. *Id.* at 1210.

Here, there are two Superior Court orders from the 2003 Action in which the Walkers were state court losers. First, the Superior Court denied the Walkers' motion to dismiss the amended complaint that included derivative claims on behalf of New Spirit and Simplicity. Second, the Judgment awarded damages to the Peeples and provided that the Peeples were entitled to an ownership interest in Simplicity and New Spirit and to a license for the Technology. The question before this Court is whether the Judgment violated the automatic stay and, if so, whether the stay should be annulled. Such a determination does not require this Court to either "review" or "reject" the Superior Court orders.

The Judgment provides in part as follows:

> The jury found that there was a breach of the PPDA by Defendants and awarded Plaintiff damages for said breach. It is therefore ordered and adjudged that the Plaintiffs Shelby Peeples and Bryan Peeples recover of the Defendant Paul Walker the sum of $248,384.87 with the legal rate of interest thereon and from Defendant Bryan Walker the sum of $5,000.00 with the legal rate of interest thereon.
> The jury also found that Plaintiffs are entitled to 50% of Simplicity and 20% of New Spirit, a paid-up, exclusive, perpetual license to use the polyurethane process on a commercial basis, and a paid-up non-exclusive perpetual license to use the polyurethane processes, products and technology for its own manufacturing. The Court now enters judgment thereon based upon the jury's verdict.
> The jury further found that Plaintiffs are not entitled to punitive damages and that Simplicity and New Spirit are not entitled to damages.
> The jury found that Plaintiff is entitled to recover attorney fees and costs of this action. … [T]he Court reserves ruling on the issue of attorney fees until a later date ….

[Doc. 66 at 65-66].

7

The Peeples have argued that because Simplicity, New Spirit, and the Technology were not property of the Walkers when they filed for bankruptcy, they did not become property of the estate, and to the extent the Judgment affected those interests, the Judgment did not violate the automatic stay. The Walkers have argued that they were the only defendants in the 2003 Action, that all the causes of action were in personam against them, and that the amended complaint failed to add Simplicity and New Spirit as parties because certain state law procedural requirements were not satisfied. Therefore, the entirety of the Judgment is an in personam judgment against the Walkers and violates the automatic stay. The Peeples contend that the Walkers' argument would require this Court to reject the Superior Court's order on the motion to dismiss the amended complaint, which found that the Peeples had standing to bring derivative claims on behalf of Simplicity and New Spirit, and to review whether the Judgment is enforceable against Simplicity and New Spirit.

The Court disagrees with the Peeples. The only question this Court needs to answer is whether the Judgment violated any part of 11 U.S.C. § 362(a)—that is whether it is the continuation of a prepetition proceeding against the debtor to recover a prepetition claim, an act to obtain or exercise control over property of the bankruptcy estate, an act to recover a prepetition claim against the debtor, or some other action that violates the stay. 11 U.S.C. § 362(a)(1), (3), (6). Whether Simplicity and New Spirit were properly made parties to the 2013 Action does not affect the question of whether the Judgment violates the automatic stay, and this Court does not have to review or reject any Superior Court rulings to make that determination.

Based on the foregoing, the Court concludes that the *Rooker-Feldman* doctrine does not preclude it from exercising its jurisdiction over the Relief Motion and the Sanctions Motion.

**END OF ORDER**

**Distribution List**

Gregory D. Ellis
Lamberth, Cifelli, Ellis & Nason, P.A.
Suite 435
6000 Lake Forrest Drive, N.W.
Atlanta, GA 30328

James M. Sherman
Stanley, Esrey & Buckley, LLP
Suite 2400
1230 Peachtree Street N.E.,
Atlanta, GA 30309

Charles Paul Walker
PO Box 3603
Dalton, GA 30719

Paul Bryan Walker
2201 Vinewood Drive
Dalton, GA 30720

Robin Rouillier Walker
2201 Vinewood Drive
Dalton, GA 30720

Tracey L. Montz
Suite 108-#406
2146 Roswell Road
Marietta, GA 30062-3813